IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:16-cr-174-M |
| CHENEQUA BABERS, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER OF DETENTION**

Pursuant to the Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, filed September 30, 2016, Chief Judge Barbara M. G. Lynn has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Chenequa Babers should not be detained under 18 U.S.C. § 3143(a)(2) and whether it has been shown by clear and convincing evidence that the defendant is likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c).

### Background

Defendant is set for sentencing before Judge Lynn on January 20, 2017. *See* Dkt. No. 27. 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that

a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Pursuant to the Court's order, *see* Dkt. Nos. 29 & 30, Defendant filed a motion for continued pretrial release in which she identifies the exceptional circumstances under 18 U.S.C. § 3145(c) that she contends justify her continued release post-conviction and addresses whether she is likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c) pending sentencing, *see* Dkt. No. 31.

And the Court held a hearing on October 24, 2016 on the matters referred by Judge Lynn, at which Defendant appeared in person and through counsel and the government's counsel appeared. *See* Dkt. No. 32.

## Legal Standards and Analysis

As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because Defendant has, on a guilty plea, now been adjudged guilty of Bank Robbery in violation of 18 U.S.C. § 2113(a). *See* Dkt. Nos. 1, 5, 9, & 12. That is "an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically, "a crime of violence." 18 U.S.C. §§ 3142(f)(1)(A), 3143(a)(2).

18 U.S.C. § 3156(a)(4) provides that, "[a]s used in sections 3141-3150 of this chapter – ... (4) the term 'crime of violence' means – (A) an offense that has as an

element of the offense the use, attempted use, or threatened use of physical force against the person or property of another; [or] (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(A)-(B). These two prongs are disjunctive – an offense qualifies as a "crime of violence" so long as it fits either definition.

Defendant asserts that "[b]ank robbery, as prescribed by 18 U.S.C. § 2113(a)[,] categorically fails to constitute a crime of violence under Section 3156(a)(4)(A) because it can be accomplished [solely] by 'intimidation'" and that, therefore, Section 3156(a)(4)(A) is constitutionally "suspect" under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Dkt. No. 31 at 2-4.

The United States Supreme Court held in *Johnson* "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [the ("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. Under the ACCA's residual clause, a "violent felony" was one that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

That definition is substantially different than the definition of "crime of violence" in the Bail Reform Act – "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another" or a felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," 18 U.S.C. § 3156(a)(4)(A)-(B). And the Bail Reform Act's definition in 18

U.S.C. § 3156(a)(4)(B) is identical to the definition of "crime of violence" in 18 U.S.C. § 16(b), a provision that the United States Court of Appeals for the Fifth Circuit has held "is not unconstitutionally vague" in light of *Johnson*. *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc); *see* 18 U.S.C. § 16(b) ("The term 'crime of violence' means – (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."); *see also In re Lott*, ___ F.3d ____, No. 16-10866, 2016 WL 5349745, at *1 (5th Cir. Sept. 26, 2016) (per curiam) ("[T]he bank robbery and conspiracy to obstruct interstate commerce by robbery statutes that Lott was convicted under do not contain language similar to the provision that the Supreme Court found unconstitutionally vague in *Johnson*, and so *Johnson* has no bearing on them." (citations omitted)); *but see Lynch v. Dimaya*, ___ S. Ct. ____, No. 15-1498, 2016 WL 3232911 (Sept. 29, 2016) (granting certiorari review to decide whether Section 16(b), as incorporated into the Immigration and Nationality Act's provisions governing an alien's removal from the United States, is unconstitutionally vague).

But, regardless of the challenge to the constitutionality of Section 16(b) currently pending before the Supreme Court, as to Defendant's specific argument that bank robbery by intimidation alone is not a crime of violence after *Johnson*, courts in other circuits have held otherwise because it qualifies as a "crime of violence" under the

-4-

definition found in Section 16(a) and 3156(a)(4)(A) as well as 18 U.S.C. § 924(c)(3)(A). *See United States v. McBride*, 826 F.3d 293, 295-96 (6th Cir. 2016) ("Bank robbery by 'force and violence' plainly involves 'the use, attempted use, or threatened use of physical force.' Whether the same is true of bank robbery by 'intimidation' is a closer question, although not by much.... The defendant must at least know that his actions would create the impression in an ordinary person that resistance would be met by force. A taking by intimidation under § 2113(a) therefore involves the threat to use physical force. We reject McBride's contention that daylight can be found between 'intimidation' and 'threatened use of physical force.' Although McBride is correct that intimidation can be communicated by 'words, demands, and gestures,' so too with the threat of physical force. Furthermore, even if we accept McBride's arguments that one can threaten to cause bodily injury that does not require physical force, ... that is not the case with intimidation in the § 2113(a) context, which requires the threat to use physical force, not merely to cause bodily injury." (citations omitted)); *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) ("In sum, we are satisfied that bank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3), because it 'has as an element the use, attempted use, or threatened use of physical force' – specifically, the taking or attempted taking of property 'by force and violence, or by intimidation.'"); *id.* at 152 n.8 ("Because § 2113(a) bank robbery satisfies the § 924(c)(3) force clause, we do not consider whether *Johnson* renders the § 924(c)(3) residual clause unconstitutionally vague."); *see also United*

*States v. McGuire*, Nos. 6:92-cr-10096-JTM-1 & 6:16-cv-01166-JTM, 2016 WL 4479129, at *2 (D. Kan. Aug. 25, 2016) ("Aside from the fact that robbery was specifically listed as a violent offense, bank robbery qualifies as such under the 'force clause' of § 4B1.2(1)(i), because the use or threatened use of force is an element of the offense. The only potential question on that point is whether a taking by 'intimidation' qualifies as a threatened use of force, but the courts have unanimously held that it does, both before and after *Johnson*." (collecting cases)). And the post-*Johnson* challenges to "crime of violence" definitions have not focused on that prong of the disjunctive definition found in 18 U.S.C. § 16, 18 U.S.C. § 924(c)(3), and 18 U.S.C. § 3156(a)(4) as well as certain sections of the United States Sentencing Guidelines.

Under Fifth Circuit law, the Court concludes that a violation of 18 U.S.C. § 2113(a) qualifies as an offense subject to  18 U.S.C. § 3143(a)(2) because it meets 18 U.S.C. § 3156(a)(4)(A)'s definition of a "crime of violence." 18 U.S.C. § 2113(a) provides that "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association ... [s]hall be fined under this title or imprisoned not more than twenty years, or both." Section 2113(a) "requires that the government prove the following elements: (1) an individual or individuals (2) used force and violence or intimidation (3) to take or attempt to take (4) from the person or presence of another (5) money, property, or anything of value (6) belonging to or in the care, custody, control,

management, or possession (7) of a bank, credit union, or savings and loan association." *United States v. Dentler*, 492 F.3d 306, 309-10 (5th Cir. 2007) (internal quotation marks omitted).

"'The requirement of a taking 'by force and violence, or by intimidation' under section 2113(a) is disjunctive. The government must prove only 'force and violence' or 'intimidation' to establish its case.'" *United States v. Bellew*, 369 F.3d 450, 453 (5th Cir. 2004) (quoting *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987)). "'[I]ntimidation results when one individual acts in a manner that is reasonably calculated to put another in fear. Thus, from the perspective of the victim, a taking 'by intimidation' under section 2113(a) occurs when an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts.'" *Id.* (quoting *Higdon*, 832 F.2d at 315).

Whether committed by using force and violence or by using intimidation, a violation of Section 2113(a) is therefore a crime of violence under Section 3156(a)(4)(A) as an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another. *See Royal v. Tombone*, 141 F.3d 596, 602 (5th Cir. 1998) (reaching the same conclusion as to 18 U.S.C. § 2113(a) under 18 U.S.C. § 924(c)(3)(A)).

Defendant therefore must be detained pursuant to 18 U.S.C. § 3143(a)(2) unless she meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case

described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B). Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that she can, satisfy the Section 3143(a)(2)(A) showings that either the judicial officer find that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 26], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

The issue of Defendant's presentencing release begins and ends with whether

"it is clearly shown that there are exceptional reasons why [Defendant's] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c).

The United States Court of Appeals for the Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991). The United States Court of Appeals for the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.* The United States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). One court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not

rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

Defendant contends that she has demonstrated "exceptional reasons" "as to why her detention would not be appropriate," where she "is a single mother of two young daughters, ages 13 and 12"; "[t]hese two young girls are in the midst of a school year"; "[t]hey have never lived with a parent other than their mother"; and "[t]hey depend on Ms. Babers for their emotional support and would be negatively impacted if this Honorable Court placed her in jail awaiting sentencing in this case." Dkt. No. 31 at 4. Defendant further explains that, "[a]fter the events which led to the instant

-10-

indictment, Ms. Babers has taken better care of her emotional states" and "has realized the need to be open with her family members about her problems; deepen her commitment to her church community (she is now a youth leader); and to focus on the lives of her two young daughters." *Id.* at 4-5. According to Defendant, "[t]his renewed focus on a law-abiding life and focus on the relationship with her children and family cannot be discounted." *Id.* at 5. Defendant reports that she "has recently maintained employment (for several months at Wal-Mart) and [] is now looking for another job that would make better use of her customer service, call center experience" and that she "occupies her time by taking care of her daughters, writing, participating in court ordered treatment and being active in her church community." *Id.*

Defendant's counsel contends that "no rational reasons for detaining Ms. Babers ... are sufficient to overcome the rational reasons for not detaining her: Ms. Babers's participation in the workforce, the emotional and financial support that her family needs, and the services and outreach efforts in which she participates through her church community and US Pretrial Services are helping her become a productive member of society." *Id.* (emphasis removed).

The facts that Defendant urges as exceptional circumstances, including her compliance with all of her conditions of pretrial release, are certainly commendable. But the Court determines – as have many other courts when presented with similar arguments for presentencing release – that Defendant's proffered reasons for continuing her release are not, in and of themselves or taken together, a unique combination of circumstances giving rise to a situation that is out of the ordinary. *See*

*United States v. Velarde*, 555 F. App'x 840, 841 (10th Cir. 2014) (noting that "'the cases establish that mere personal reasons, including caring for a family or gainful employment, are not 'exceptional''" (quoting *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (collecting cases))); *United States v. Nickell*, 512 F. App'x 660, 661 (8th Cir. 2013) (finding that a defendant's taking care of his children and remaining gainfully employed did not constitute exceptional reasons); *United States v. Mahoney*, 627 F.3d 705, 706 (8th Cir. 2010) ("It is well settled that compliance with the terms of pretrial release is commendable but does not justify release under section 3145(c)."); *Little*, 485 F.3d at 1211 ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release."); *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007) (concluding that a defendant's release pending sentencing was improper because "compliance with the terms of his pretrial release, his lack of a criminal record, his payment of child support, and his ongoing employment are commendable, but they are not are not clearly out of the ordinary, uncommon, or rare" (citation and internal quotation marks omitted)); *United States v. Lea*, 360 F.3d 401, 403-04 (2d Cir. 2004) ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination.")); *United States v. Mostrom*, 11 F.3d 93, 95 (8th Cir. 1993) (holding that "compliance with pretrial supervision and gainful employment up until the date of sentencing are not, in and of themselves, 'exceptional reasons why such person's detention would not be appropriate'").

Under Section 3145(c), a defendant who is compliant with her release conditions and doing everything that she should is – however commendable – not so out of the ordinary and, in that sense, "exceptional" among defendants who are on release at the time that they are found guilty as to justify an exception to Section 3142(a)(2)'s rule of mandatory detention. *See generally United States v. Bernard*, No. 1:12-cr-00022-JAW-02, 2013 WL 145582, at *2 (D. Me. Jan. 14, 2013) ("One way of thinking about compliance with the terms of pretrial release and a lack of significant criminal history is that they make out a necessary but not sufficient showing for release under § 3145(c)."). In light of Section 3142(a)(2)'s mandate, that a defendant has behaved commendably and that she is likely to continue to comply with her release conditions do not amount to exceptional reasons why the defendant's detention pending sentencing would not be appropriate or, put another way, why remanding the defendant to custody until sentencing would be tantamount to subjecting her to unjust detention.

## Conclusion

Accordingly, the Court finds that it has not been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Chenequa Babers should not be detained under 18 U.S.C. § 3143(a)(2), and so Defendant Chenequa Babers will be detained pending sentencing.

It is therefore ORDERED that Defendant Chenequa Babers be, and she is hereby, committed to the custody of the Attorney General and United States Marshal for further proceedings.

-13-

It is ORDERED that Defendant Chenequa Babers, while being so held, be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.

DATED: October 24, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE